IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARREN G. MARRS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 1713 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| QUICKWAY CARRIERS, INC., a Tennessee ) | |
| corporation, and KROGER DEDICATED ) | |
| LOGISTICS CO., a corporation, and ) | |
| RONALD E. PETERSON, individually ) | |
| and as agent of Quickway Carriers, Inc. ) | |
| and Kroger Dedicated Logistics Co., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Warren G. Marrs sued Quickway Carriers, Inc., Kroger Dedicated Logistics Co., and Ronald E. Peterson in state court for their negligence that caused an automobile collision in which Marrs was injured. Defendants removed the case to federal court. Before the Court is Marrs' motion to remand the case to the Circuit Court of Cook County. For the reasons set forth below, the motion is granted.

### Facts

Plaintiff alleges that on January 27, 2005, a vehicle driven by Ronald E. Peterson clipped the automobile driven by plaintiff. (Am. Compl. ¶¶ 5–6.) On that date, defendants were ticketed and provided a police report that included Marrs' Illinois address, phone number and vehicle information. (Pl.'s Mot. Remand, Ex. A, Ill. Traffic Crash Rep.) In the spring of 2005, at least one of the defendants, Peterson, appeared in traffic court and heard Marrs provide his name and Illinois address. (Pl.'s Mot. Remand, Ex. 1, Marrs Aff. ¶ 5.) On August 24, 2005, Marrs sued

defendants in state court, and on August 31, 2005, the state court complaint was served on defendants. (Defs.' Notice Removal ¶ 1; Pl.'s Mot. Remand ¶ 1.)

On September 22, 2005, defendants served on plaintiff a request that he admit the fact that the amount in controversy in this suit exceeds $75,000.00. (Defs.' Notice Removal ¶ 5.) On November 18, 2005, Marrs responded that he was seeking in excess of $75,000.00. (*Id.* ¶ 6.) On that same day, Marrs filed an amended complaint alleging that defendants' negligent acts directly or proximately caused his permanent injuries and loss of earning capacity. (Am. Compl. ¶ 7.) On February 14, 2006, defendants submitted a request to admit facts relating to plaintiff's citizenship. (Defs.' Notice Removal ¶ 8.) On March 14, 2006, Marrs admitted that he is and was a citizen of Illinois at the time of the accident. (*Id.*) On March 29, 2006, defendants filed a notice of removal to the federal district court pursuant to 28 U.S.C. § 1441(a). On April 21, 2006, Marrs moved to remand the case to state court.

## Discussion

A defendant may remove a civil action from state court to a federal district court which has original subject matter jurisdiction. 28 U.S.C. § 1441(a). The notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of and amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

> The purpose of the 30-day limitation [of 28 U.S.C. § 1446(b)] is two-fold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982).

District courts have original jurisdiction where the amount in controversy exceeds $75,000.00 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). Citizenship for diversity purposes is determined by an individual's domicile and domicile requires both residence in a state and an intent to remain in the state. *Perry v. Pogemiller*, 146 F.R.D. 164, 168 (N.D. Ill.), *aff'd*, 16 F.3d 138, 140 (7th Cir. 1993). The party seeking removal, not the party moving to remand, has the burden of establishing that the court has jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). If the federal court subsequently determines that it does not have subject matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

Defendants assert that the notice of removal was filed in a timely manner pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days after plaintiff responded to defendants' last request to admit facts regarding Marrs' Illinois citizenship. (Defs.' Resp. Pl.'s Mot. Remand ¶¶ 8, 12; Defs.' Notice Removal ¶¶ 6, 8.) Marrs, however, argues that defendants filed an untimely notice because they could have ascertained his citizenship from other papers, such as the police report issued to Peterson on the day of the accident and written correspondence between defendants' insurance company and the plaintiff. (Pl.'s Mot. Remand ¶¶ 5–7, 10; Pl.'s Reply Defs.' Resp. Pl.'s Mot. Remand ¶¶ 3, 9.) There is no dispute that defendants' receipt of the police report put them on notice that Marrs resided in Illinois. (Defs.' Resp. Pl.'s Mot. Remand ¶ 10.) Further, Marrs argues that defendants could have ascertained plaintiff's citizenship from the documents exchanged between the parties. (Pl.'s Reply Defs.' Resp. Pl.'s Mot. Remand ¶ 9.)

"Residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). However, "a defendant desiring removal has the duty to scrutinize the initial pleading for any basis for diversity jurisdiction, and . . . allegations of residency provide[] ample clues." *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991). Once a defendant is on notice of plaintiff's residence, it would be a simple matter for defendant's counsel to call plaintiff's counsel and inquire about plaintiff's citizenship. *See Kanter & Eisenberg v. Madison Assocs.*, 602 F. Supp. 798, 801 (N.D. Ill. 1985).

In the case at hand, defendants were on notice of Marrs' residency from the police reports issued on January 27, 2005 and the correspondence between defendants' insurance company and plaintiff as early as February 23, 2005. (Pl.'s Mot. Remand ¶¶ 5-6, 7.) Thus, defendants' had sufficient notice to inquire about Marrs' citizenship long before their request for admission regarding his citizenship on February 14, 2006.

In addition, defendants' notice of removal is untimely because it was reasonably ascertainable as early as November 2005 that the amount in controversy exceeded the statutory minimum of $75,000.00. If a plaintiff alleges severe and permanent injuries and seeks damages for lost income, a defendant is on notice that the case is removable and should remove the case within thirty days of receipt of the complaint. *McCoy ex rel. Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 942 (N.D. Ill. 2002).

When Marrs filed his amended complaint on November 18, 2005, defendants were put on notice that he attributed his permanent injuries and loss of earning capacity to their negligence. (Am. Compl. ¶ 7.) Thus, they were required to file a notice of removal at the very latest on December 18, 2005. This they failed to do.

In sum, although defendants knew that Marrs resided in Illinois in early 2005 and that he was seeking monetary relief beyond the jurisdictional minimum of $75,000.00 in November 2005 (*see* Pl.'s Resp. Defs.' Req. Admit Facts), defendants did not attempt to establish plaintiff's citizenship until it requested plaintiff's admission on February 14, 2006. This is wholly unreasonable. Defendants' "wait and see" tactics contradict the purpose of 28 U.S.C. § 1446(b). Accordingly, the Court finds that defendants' removal was untimely.[1]

## Conclusion

For the foregoing reasons, the Court grants plaintiff's motion to remand. This case is hereby remanded to the Circuit Court of Cook County.

**SO ORDERED**       **ENTERED:**

8/23/06

**HON. RONALD A. GUZMAN**
**United States Judge**

---

[1] Because the Court rules that defendants' removal was untimely, it need not address plaintiff's alternative argument that the existence of diversity jurisdiction is uncertain because Kroger Dedicated Logistics could be an Illinois entity.